UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL RICHARD GIGLIO,<br><br>                                Plaintiff,<br>v.<br><br>MONSANTO COMPANY,<br><br>                               Defendant. | Case No.: 15-cv-2279-BTM (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE DISCOVERY**<br><br>**[ECF No. 51]** |

      This is a product liability action in which plaintiff Emanuel Richard Giglio alleges that exposure to Roundup, an herbicide manufactured and marketed by defendant Monsanto Company, caused him to develop non-Hodgkin's lymphoma. On April 29, 2016, Judge Moskowitz partially granted and partially denied defendant's motion to dismiss. ECF No. 37. Plaintiff's remaining claims include negligence, design defect, failure to warn, and breach of implied warranty. Now before the Court is defendant's motion to bifurcate discovery and to limit the first phase of discovery to "general causation," that is, the question of whether Roundup is capable of causing non-Hodgkin's lymphoma. ECF No. 51. Plaintiff opposes the motion. ECF No. 53. For the reasons that follow, the Court grants defendant's motion.

      The Federal Rules of Civil Procedure must be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P.

1, and courts are authorized to tailor their scheduling orders to fit the particular needs of each case, Fed. R. Civ. P. 16. Courts have recognized that bifurcated or phased discovery can be an efficient management tool in certain cases. *Compare, e.g.*, *In re Hanford Nuclear Reservation Litig.,* 292 F.3d 1124, 1129 (9th Cir. 2002) (describing as "sensible" phased discovery schedule entered in mass tort case), *and Perry v. Novartis Pharm. Corp.*, 564 F. Supp. 2d 452, 455 (E.D. Pa. 2008) (granting summary judgment to defendants after discovery limited to the issue of causation), *with Gonzalez v. Texaco, Inc.*, No. C 06-2820, 2007 WL 661914, at *1 (N.D. Cal. Feb. 28, 2007) (denying motion for phased discovery in toxic tort action due to concern that phased discovery would lead to increased costs and delay), *and True Health Chiropractic Inc. v. McKesson Corp.*, 13-cv-2219, 2015 WL 273188, at *1-3 (N.D. Cal. Jan. 20, 2015) (denying motion to bifurcate discovery in putative class action on grounds that line between class and merits discovery would be difficult to police and could cause additional litigation). Of the two other courts handling ostensibly similar Roundup cases that have been brought to this Court's attention, one has opted to bifurcate discovery, *see Hardeman v. Monsanto Co.*, 16-cv-525, ECF No. 48 (N.D. Cal. June 16, 2016), while the other has not, *see Kennedy v. Monsanto Co.*, No. 16CM-CC0001 (Mo. Cir. June 27, 2016).

Here, the Court finds that conducting discovery in phases is an efficient solution that may prevent the parties from engaging in extremely broad and potentially wasteful discovery. Whether Roundup is capable of causing non-Hodgkin's lymphoma is a threshold issue on which all of plaintiff's claims rest, and competent expert testimony is generally necessary to establish causation in a personal injury action. *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 836 (9th Cir. 2011) (citing *Jones v. Ortho Pharm. Corp.*, 209 Cal. Rptr. 456, 462 (1985)). The allegations in plaintiff's complaint span forty years and delve into defendant's marketing, labeling, and testing of Roundup. Proceeding immediately on all issues would subject the parties to highly extensive discovery that may ultimately be unnecessary if defendant prevails on its *Daubert* motion. Limiting phase one to general causation, on the other hand, will enable the parties and the Court to arrive

expeditiously at a potentially dispositive issue that the Court firmly believes can be separated from other liability and damages issues.

Plaintiff makes several arguments against bifurcation. First, plaintiff argues that the prospect of full discovery on all issues in the *Kennedy* case in Missouri state court renders illusory any benefit to be achieved from phased discovery in this case. However, although proceedings in other Roundup cases have some relevance, the Court is dealing only with the case before it. Focusing initial discovery on general causation serves efficiency interests for both the parties *and* the Court, regardless of how discovery does, or does not, proceed in Missouri.

Plaintiff also argues that bifurcation will increase the length and cost of litigation because defendant will appeal any adverse decision on the *Daubert* motion and because bifurcation will give rise to unnecessary discovery disputes. Both points are highly speculative. Even if defendant were permitted to appeal from an adverse *Daubert* decision, or a decision denying summary judgment, there is no certainty that a stay would be granted pending the appeal. And the Court is confident that the parties (in the first instance) and the Court (if necessary) will be able to reasonably define the boundaries of discovery on general causation and promptly resolve any discovery disputes if they arise.

Plaintiff also argues that bifurcation will prejudice him by permitting defendant to attack his experts twice, once on general causation and again on specific causation. However, even if defendant is allowed to attack plaintiff's experts twice, the same opportunity will also be given to plaintiff.

Finally, plaintiff argues that the importance of the issues—Roundup is an extensively used agricultural product—weighs in favor of full discovery. But plaintiff will have an opportunity to engage in full discovery as long as plaintiff overcomes the *Daubert* barrier on general causation. Moreover, any public interest in this case surely lies in the question of whether Roundup is capable of causing non-Hodgkin's lymphoma, which is the issue on which phase one discovery will focus. The Court therefore finds plaintiff's "importance-of-the-issues" argument unpersuasive.

Accordingly, the Court grants defendant's motion to bifurcate discovery. The parties shall lodge an amended discovery plan consistent with this order by **August 10, 2016**. A telephonic case management conference is set for **8:30 a.m.** on **August 17, 2016**. No later than **4:00 p.m.** on **August 16, 2016**, each attorney participating in the conference shall call chambers at (619) 557-6384 and provide a telephone number at which the attorney may be reached at the time of the conference.

**IT IS SO ORDERED.**

Dated:  August 2, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge